IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDGEWATER HOLDINGS CORPORATION, a Delaware corporation, <br><br>       Plaintiff, <br><br>   v. <br><br> THE DAVID ROSS GROUP, INC., a New Jersey corporation; IMPROVED MOBILE SERVICE, INC., a New Jersey corporation; OPTICONNECT, INC., DAVID G. ROSS, a citizen of the State of New Jersey; and, JOHN J. MARIANO, a citizen of the State of New Jersey, <br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. _____ |

## COMPLAINT

Plaintiff, Edgewater Holdings Corporation, by way of Complaint against Defendants, alleges as follows:

### JURISDICTION AND THE PARTIES

1.     Plaintiff, Edgewater Holdings Corporation (hereinafter "Edgewater"), is a corporation organized in accordance with the laws of the State of Delaware, with a principal business address of P.O. Box 6565, Williamsburg, Virginia, and is a citizen of the States of Delaware and Virginia pursuant to 28 U.S.C. §1332(c)(1).

2.     Upon information and belief, defendant, The David Ross Group, Inc. (hereinafter "DRG"), is a corporation organized in accordance with the laws of the State of New Jersey, with a principal place of business of 127 Main Street, Chatham, New Jersey and is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332(c)(1).

3.      Upon information and belief, defendant, Improved Mobile Service, Inc. (hereinafter "IMSI"), is a corporation organized in accordance with the laws of the State of New Jersey, with a principal place of business of 127 Main Street, Chatham, New Jersey and is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332(c)(1).

4.      Upon information and belief, defendant, OptiConnect, Inc. (hereinafter "OCI"), is a corporation organized in accordance with the laws of the State of New Jersey, with a principal place of business of 127 Main Street, Chatham, New Jersey and is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332(c)(1).

5.      Upon information and belief, defendant, David G. Ross ("Ross"), is an individual, and is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332(c)(1).

6.      Upon information and belief, defendant, John J. Mariano ("Mariano"), is an individual, and is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332(c)(1).

7.      The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

8.      Jurisdiction of this Court arises under 28 U.S.C. §1332(a)(1) in that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## VENUE

9.      Edgewater repeats and realleges all previous allegations of this Complaint, as though same were set forth herein at length.

10.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391(a)(2) because the parties agreed that all of the events giving rise to the claim occurred within this District.

## FIRST COUNT

11.    Edgewater repeats and realleges all previous allegations of this Complaint, as though same were set forth herein at length.

12.    On or about March 13, 2006, DRG, its subsidiaries, divisions and related entities, and directors and shareholders (including all of the Defendants), entered into a Memorandum of Understanding and Agreement (hereinafter the "Agreement") with Edgewater.  A true copy of the Agreement is attached as **Exhibit A.**

13.    DRG is collectively defined under the Agreement to in include all subsidiaries, divisions, and related entities, owned in whole or in part, directly or indirectly, its Board of Directors and all of its shareholders.

14.    Upon information and belief, defendants IMSI and OCI are subsidiaries, divisions, and/or related entities of DRG.

15.    Upon information and belief, defendant, Ross, is the President, Director and shareholder of DRG, and a shareholder of IMSI.

16.    Upon information and belief, defendant, Mariano, is the Vice-President, Director and a shareholder of DRG, a shareholder of IMSI, and co-founder of OCI.

17.    DRG warranted and represented that the Agreement shall be binding upon each party once executed.

18.    DRG further warranted and represented that each party had individual authority and capacity to enter into the Agreement and to initiate, conduct, and complete any and all of the contemplated transactions and agreements.

19.    Pursuant to the terms of the Agreement, DRG agreed to retain, engage, and authorize Edgewater to act as its exclusive Adviser and Intermediary to provide advice, support,

and counsel to DRG in its strategic, financial and other involvement in a potential acquisition, merger, or purchase, in whole or in part, by the The Management Network Group, Inc. ("TMNG").

20.     Pursuant to the terms of the Agreement, DRG specifically agreed that Edgewater would provide DRG with advice, support and counsel that related to activities proposed, planned, or underway by DRG and the various possible agreement and transaction(s) with TMNG that may result in an effective change of ownership or governing control of DRG.

21.     DRG warranted and represented to Edgewater that DRG was ready, willing and able to enter into and consummate any and all of the transactions contemplated or detailed in the Agreement.

22.     DRG agreed to compensate Edgewater for advice, support and counsel rendered under the Agreement in accordance with the terms set forth therein, and to advance or reimburse all of Edgewater's normal and usual out of pocket costs and expenses.

23.     Pursuant to the terms of the Agreement, DRG agreed that compensation and fees would be earned by Edgewater in their entirety when TMNG proffered any kind or type of transaction agreement, such as a Letter of Intent, Term Sheet, or other similar document, with price terms, and conditions that conform to those previously specified or agreed upon by DRG.

24.     Pursuant to the terms of the Agreement, DRG agreed that Edgewater's compensation and fees would be seven percent of the first two million dollars of gross aggregate value and consideration, plus six percent of the next three million dollars of gross aggregate value and consideration, plus of five percent of all dollars over five million dollars of gross aggregate value and consideration of all transactions between DRG and TMNG.

25.    DRG agreed to pay to Edgewater an initial retainer of $10,000.00 upon execution of the Agreement.  DRG further agreed to pay Edgewater a monthly retainer fee of $5,000.00 following the date of the Agreement as long as discussions or negotiations between DRG and TMNG had not terminated.

26.    Following the execution of the Agreement, Edgewater provided extensive advice, support and counsel to DRG consistent with its obligations set forth in the Agreement to facilitate the potential acquisition, merger, or purchase, in whole or in part, of DRG by TMNG.

27.    Following execution of the Agreement, DRG entered into a Mutual Non-Disclosure Agreement with TMNG.

28.    Edgewater actively engaged in diligent efforts, including but not limited to, numerous discussions, meetings, conference calls and other such communications with both DRG and TMNG to assist the parties in reaching an agreement with TMNG that would result in an effective change of ownership or governing control of DRG.

29.    Edgewater's efforts resulted in a Letter of Intent ("LOI"), dated April 5, 2007, being proffered by TMNG to DRG.  The LOI contained terms of a transaction previously specified by DRG.

30.    Pursuant to the terms of the Agreement, upon the proffering of the LOI, the compensation and fees due to Edgewater became earned and payable.

31.    Despite Edgewater's having procured an LOI from TMNG, DRG failed to consumate any transaction with TMNG, and DRG unilaterally decided not to proceed to a closing for the potential acquisition, merger, or purchase, in whole or in part, of DRG by TMNG.

32.    At all times relevant hereto, TMNG remained ready, willing, and able to consummate the transaction set forth in the LOI.

33.    On or about April 24, 2007, Edgewater issued to DRG an invoice for compensation and fees for advisory and other services provided, rendered and performed (the "Invoice") in accordance with the Agreement. A true copy of the Invoice is attached as **Exhibit B**.

34.    The Invoice directed DRG to remit payment in full of the $645,000.00 due on the Invoice within three days of delivery.

35.    DRG defaulted on its payment obligations on the Invoice and under the Agreement when it failed to remit to Edgewater the payment then due.

36.    On or about May 7, 2007, Edgewater issued a formal written demand to DRG for the outstanding payments due on the Invoice and pursuant to the Agreement.

37.    In breach of its obligations under the Agreement, DRG has failed and refused to remit payment to Edgewater for same, resulting in substantial monetary damages for same.

WHEREFORE, Edgewater Holdings Corporation demands judgment on this count against, Defendants, David Ross Group, Inc., Improved Mobile Service, Inc., OptiConnect, Inc., David G. Ross, and John J. Mariano for the damages, together with interest, reasonable attorneys' fees and costs; and such other and further relief as this Court deems equitable and just.

## SECOND COUNT

38.    Edgewater repeats and makes a part hereof the foregoing allegations contained in the Complaint as though same were set forth at length herein.

39.    At all relevant times, DRG warranted and represented to Edgewater that DRG was ready, willing and able to enter into and consummate any and all of the transactions contemplated or detailed in the Agreement.

40.     DRG made such representations to Edgewater with the knowledge of their falsity and with the intent that Edgewater rely thereon.

41.     Upon information and belief, DRG acted contrary to these representations and warranties collectively made by DRG in the Agreement and never intended to complete any transaction with TMNG.

42.     Edgewater reasonably relied upon the representations and warranties made by DRG to its detriment, resulting in substantial monetary damage to Edgewater.

WHEREFORE, Edgewater Holdings Corporation demands judgment on this count against, Defendants, David Ross Group, Inc., Improved Mobile Service, Inc., OptiConnect, Inc., David G. Ross, and John J. Mariano for the damages, together with interest, punitive damages, reasonable attorneys' fees and costs; and such other and further relief as this Court deems equitable and just.

### THIRD COUNT

43.     Edgewater repeats and makes a part hereof the foregoing allegations contained in the Complaint as though same were set forth at length herein.

44.     The aforementioned conduct of DRG constitutes a material breach of the warranties to Edgewater pursuant to the Agreement.

45.     Edgewater has sustained substantial monetary damages as a result thereof.

WHEREFORE, Edgewater Holdings Corporation demands judgment on this count against, Defendants, David Ross Group, Inc., Improved Mobile Service, Inc., OptiConnect, Inc., David G. Ross, and John J. Mariano for the damages, together with interest, reasonable attorneys' fees and costs; and such other and further relief as this Court deems equitable and just.

## FOURTH COUNT

46.     Edgewater repeats and makes a part hereof the foregoing allegations contained in the Complaint as though same were set forth at length herein.

47.     Each and every contract contains an implied covenant of good faith and fair dealing.

48.     The aforementioned conduct of DRG constitutes a material breach of the covenants of good faith and faith dealing due and owing to Edgewater.

49.     Edgewater has sustained substantial monetary damages as a result thereof.

WHEREFORE, Edgewater Holdings Corporation demands judgment on this count against, Defendants, David Ross Group, Inc., Improved Mobile Service, Inc., OptiConnect, Inc., David G. Ross, and John J. Mariano for the damages, reasonable attorneys' fees and costs; and such other and further relief as this Court deems equitable and just.

## FIFTH COUNT

50.     Edgewater repeats and makes a part hereof the foregoing allegations contained in the Complaint as though same were set forth at length herein.

51.     DRG owes Edgewater, after credits, the principal sum of $645,000.00, together with interest, reasonable attorneys' fees, and costs of suit, in accordance with the doctrine of *quantum meruit*.

WHEREFORE, Edgewater Holdings Corporation demands judgment on this count against, Defendants, David Ross Group, Inc., Improved Mobile Service, Inc., OptiConnect, Inc., David G. Ross, and John J. Mariano for the damages, reasonable attorneys' fees and costs; and such other and further relief as this Court deems equitable and just.

PRICKETT, JONES & ELLIOTT, P.A.

By: *Laina M. Herbert*
    Elizabeth M. McGeever (DE Bar I.D. #2057)
    Laina M. Herbert (DE Bar I.D. #4717)
    1310 King Street, P.O. Box 1328
    Wilmington, Delaware 19899-1328
    emmcgeever@prickett.com
    lmherbert@prickett.com
    *Attorneys for Plaintiff, Edgewater Holdings*
    *Corporation*

DATED:  July 3, 2007

OF COUNSEL:

Robert Mahoney, Esquire
NORRIS McLAUGHLIN & MARCUS, PA
721 Route 202-206
P.O. Box 1018
Somerville, New Jersey  08876-1018
(908) 722-0700
RMahoney@nmmlaw.com

EXHIBIT A

**MEMORANDUM OF UNDERSTANDING AND AGREEMENT
BETWEEN
THE DAVID ROSS GROUP, INC.
AND ITS DIRECTORS AND SHAREHOLDERS
AND
EDGEWATER HOLDINGS CORPORATION**

This **Memorandum of Understanding and Agreement** (hereinafter the "Agreement") confirms our mutual understanding and agreement regarding the advice, support and counsel to be provided and rendered by **Edgewater Holdings Corporation**, a Delaware Corporation, whose principal mailing address is Post Office Box 6565, Williamsburg, VA 23188-5225, including its partners and affiliates (hereinafter all collectively referred to as "**Edgewater**"), for and on behalf of **The David Ross Group, Inc.**, a New Jersey Corporation, whose principal mailing address is 127 Main Street, Chatham, NJ 07928, and its subsidiaries, divisions and related entities, owned in whole or in part, directly or indirectly, its Board of Directors and all of its Shareholders (hereinafter all individually, collectively, jointly, and severally referred to as "**DRG**").

DRG hereby agrees to retain, engage and authorize Edgewater to act as its exclusive Adviser and Intermediary to provide advice, support and counsel to DRG in its strategic, financial and other involvement in a potential acquisition, merger, or purchase, in whole or in part, by **The Management Network Group, Inc. (TMNG)**. This engagement shall be limited, specifically and solely, to involvement by DRG with TMNG and no others unless otherwise agreed to in writing by all of the parties to this **Agreement**. Edgewater agrees to provide advice, support and counsel that related to activities proposed, planned or underway by DRG and the various possible agreements and transaction(s) that may result in an effective change of ownership or governing control of DRG. A sale of DRG includes, but is not limited to, purchase; sale; merger; consolidation, strategic affiliation; divesture; purchase, sale, or exchange of the business, its capital stock, assets, liabilities, debts, obligations; operations, patents and copyrights; computer hardware, software, and programs; databases and databanks; internet web sites, names, addresses and related servers and software programs; products; trade names, marks and secrets; intellectual property; proprietary know-how; agreements and contracts; or any combination of any of the foregoing, and anything and everything else of every nature, kind, and type that is or may be of value, in whole or in part, which in some manner or way involves DRG in any way or manner. Edgewater agrees to use its best efforts in good faith to act as an Intermediary and render and provide its advice, support and counsel regarding initiation and completion of the kinds and types of agreements and transaction(s) desired by DRG and as detailed in or contemplated by this **Agreement**.

Edgewater's advice, support and counsel will be provided and rendered at such times and places that are, in Edgewater's sole and independent judgment, required and necessary for Edgewater to perform in good faith under the nature and scope of this **Agreement**. Edgewater will provide its advice, support and counsel independently of DRG. Edgewater cannot and does not warrant, guarantee or promise that its advice, support and counsel will result in DRG's successful completion of any type or kind of transaction(s). Edgewater hereby acknowledges that it has no authority to bind DRG in any matter or manner. Edgewater will not disclose at any time to any third party any DRG information not in the public domain that is proprietary and confidential to DRG without the prior knowledge and approval of DRG. Edgewater agrees, in perpetuity, to maintain full and complete confidentiality and to never disclose to any third person or entity any aspect of its relationship with DRG [except for its specific performance under this **Agreement**] including all details of the advice, support and counsel that may be or have been provided or rendered under this **Agreement** and any transaction(s) that may take place. Edgewater does not and will not provide any advice or opinions on legal, tax, accounting and investment matters or issues. DRG hereby states that it is exempt from all of the laws, regulations, rules and governance of the U. S. Securities and Exchange Commission.

Edgewater's advice, support and counsel to be provided and rendered under this Agreement commenced on the date of this Agreement and is conditioned upon payment of the initial retainer fee and shall terminate when DRG and TMNG consummate any type or kind of transaction(s) involving DRG's business, assets, liabilities, debts, notes, capital stock, obligations, contracts, agreements, directors, officers, key personnel, or anything else involving or associated in any way with DRG that is or may be of any value, any of which, in whole or in part, or results in an effective change of ownership or control of DRG, or the complete and absolute termination of ongoing or continuing discussions or negotiations between DRG and TMNG, whichever event occurs first. However, this Agreement may be modified, extended, or continue in full force and effect by written mutual agreement of DRG and Edgewater, if there are or have been any expressions of interest in a possible transaction(s) by others or any other involvement or activity with one or more persons, parties, or entities relating to a possible transaction(s) involving DRG in any way.

DRG hereby affirms that it is ready, willing and able to enter into and consummate any and all of the transactions contemplated or detailed herein provided there is agreement by DRG on the price, terms and conditions, which shall be based on and consistent with generally accepted market valuations for similar businesses (modified, positively or negatively, by DRG's specific business operations and finances) in the same industry segment and sector, or when agreement is reached by the parties directly involved on different price, terms or conditions.

DRG hereby agrees, as detailed below, to compensate Edgewater for its advice, support and counsel provided, rendered or performed under this Agreement. Edgewater's compensation and fees under this Agreement are earned in their entirety when TMNG proffers any kind or type of transaction(s) agreement, such as a Letter of Intent, Term Sheet, or similar document, with price, terms, and conditions that conform with those previously specified or agreed upon by DRG.

Edgewater's compensation and fees to be paid under this Agreement are understood and agreed to be seven percent (7%) of the first two million dollars ($2,000,000.00) of gross aggregate value and consideration (as defined herein), plus six percent (6%) of the next three million dollars ($3,000,000.00) of gross aggregate value and consideration, plus five percent (5%) of all dollars over five million dollars ($5,000,000.00) of gross aggregate value and consideration involved collectively in all transaction(s) and related or associated transactions and agreements of all kinds and types, regardless of when or how or in what form any and all of the consideration is or may be paid or tendered. One hundred percent (100%) of Edgewater's anticipated compensation(s) related compensation and fees shall be due and payable in full in cash at the time any kind or type of option agreement is executed by DRG.

Edgewater's total compensation and fees, which are due and payable in full in cash at the time of the Closing of each transaction(s), shall be calculated on the collective sum total gross face amount plus the collective sum total gross face amount of scheduled or potential interest that is paid or may be paid or exchanged in all of the agreements collectively involving all parties to a transaction(s).

Aggregate value as used herein means the collective sum total gross face dollar amount plus the collective sum total gross face dollar amount of total scheduled or anticipated interest, if any, that may or could be paid as determined in all of the agreements and documents collectively between and among all of the persons, parties, and entities involved in each and every transaction(s), and regardless if any or all of the agreements, documents, and payments are immediate, installment, future, assumed, deferred, variable, estimated, contingent, potential, possible, projected, performance based, conditional, or otherwise, and if any, some, or all of the consideration paid and involved is immediate, installment, future, assumed, deferred, variable, estimated, contingent, potential, possible, projected, performance based, conditional, or otherwise.

Consideration paid and involved as used herein includes all consideration of every nature, kind and type, including, but not limited to, cash, notes, debts, assumption or payment of any or all loans, debts, and obligations, agreements of all kinds and types, all of which in any form, that is paid, transferred, assumed, or exchanged in any way at any time under any and all conditions. Consideration paid and involved may be paid on any basis and at any time and may be or is immediate, installment, future, assumed, deferred, variable, estimated, contingent, potential, possible, projected, performance based, conditional, or otherwise, any or all of which may or may not be scheduled, projected, estimated, anticipated, or certain. Consideration paid and involved with any and all transactions, which include, but are not limited to, the purchase, sale, merger, acquisition, exchange, divestiture, recapitalization of all kinds, buyouts of all types, corporate restructuring, joint venture, partnership, strategic alliance, affiliation, franchise, license, or business combination of the business, its capital stock, assets, liabilities, debts, agreements of all kinds and types, and everything else of real or potential value, any of which in whole or in part. In addition, consideration paid and involved shall include the sum total gross face dollar amount scheduled, projected, anticipated, or estimated to be paid or may be paid collectively under all non-competition, consulting, employment, bonus, incentive, stock option, deferred compensation, and other agreements whether the agreements or any or all of the payments involved are immediate, installment, future, deferred, variable, estimated, contingent, potential, possible, projected, performance based, conditional, or otherwise.

A transaction (and step transaction) as used herein includes, but is not limited to, the sale, purchase, exchange, transfer, merger, acquisition, divestiture, investment, recapitalization, joint venture, strategic alliance or affiliation, franchise, business combination(s), loans, assumption of debts or other obligations, transfer or exchange of anything of possible or real value, cash, debts, loans, assets, liabilities, capital stock, shareholder equity, good will, leases, patents, trademarks, copyrights, trade names, marks, and secrets, franchises, monies or equivalents, products, licenses, inventories, intellectual property, human resources, and know-how, computer software and systems, internet related sites, names, and content, equipment, fixtures, services, management and service agreements, accounts of all kinds and types, pensions and all other types of deferred compensation or payment plans and all other qualified and non-qualified employee programs including liabilities therefore, all other kinds and types of contracts and agreements, including non-competition, consulting, employment, incentive, stock option, and any type of deferred compensation agreements and anything and everything of value whatsoever, in whole or in part, that is involved or transacted between and among all of the various persons, parties, and entities and results in an effective change of ownership or governing control of DRG.

DRG agrees to pay Edgewater for its advice, support, counsel and services as follows:

(a) Ten thousand dollars ($10,000.00) initial retainer fee upon execution of this **Agreement**, receipt of which acknowledges that Edgewater commenced providing its advice, support and counsel on the date of this **Agreement.**

(b) A continuing monthly retainer fee of five thousand dollars ($5,000.00) to be paid on the twenty-fifth day of each month for three (3) consecutive months following the date of this **Agreement** as long as the discussions or negotiations between DRG and TMNG have not been completely and absolutely terminated. The retainer fee (initial and continuing) is considered earned when due and payable and the amount paid is non refundable or returnable, however the amount paid will be credited against compensation and fees due when earned and payable as detailed elsewhere in this **Agreement**

(c) The balance of Edgewater's compensation and fees are payable in cash in full not later than at the time of the Closing of any transaction(s) and also, will be due and immediately be payable in cash in full when a purchase and sale, merger, acquisition, joint venture, or any other kind or type transaction agreement has been agreed upon and signed, but no closing takes place as scheduled or anticipated due to the failure of DRG to proceed in the process, perform or close for reasons solely of its own without material or substantial cause or reason on the part of the other party or transaction entity.

It is the intent of both DRG and Edgewater that provision for payment of the full unpaid balance of Edgewater's compensation and fees earned under this **Agreement**, as detailed above, shall be made an integral part of all agreements with every person, party, and entity that agrees to sell, purchase, acquire, merge, exchange, recapitalize, joint venture, partner, franchise, license, combine, lend, non-compete, consult or be employed or complete any other type or kind of the transaction(s) as may be detailed in or contemplated by this **Agreement**. Further, DRG hereby agrees that all, payment(s) in full, and in cash, shall be directly debited by the payer(s) from the proceeds to be paid and disbursed directly and separately, as a part of the total settlement(s) amount(s) of the transaction(s), via Federal Reserve Bank wire transfer directly to Edgewater's designated bank account not later than at the time of the Closing of every transaction(s).

If during a period of thirty-six (36) months immediately following the expiration or termination of this **Agreement**, any of the transactions detailed in this **Agreement** occurs, is contemplated, or is discussed between DRG and TMNG, then Edgewater shall be the exclusive agent for any transaction, directly or indirectly, between DRG and TMNG and therefore shall be entitled to full payment in cash of the scheduled compensation and fees as detailed above, all of which shall be paid not later than at the time of the Closing for each and every transaction.

DRG will advance or reimburse Edgewater for all of Edgewater's normal and usual out-of-pocket costs and expenses [with prior approval by DRG for any one cost or expense exceeding one thousand dollars ($1,000.00)] incurred by Edgewater specifically in connection with its performance under this **Agreement**. All advance payments and reimbursements are due and immediately payable in full in cash at the time Edgewater renders or presents an invoice or statement to DRG.

DRG shall indemnify, defend, and hold Edgewater harmless from any claims, including all reasonable attorney and other professional fees and expenses, made against Edgewater, including its employees, officers, and directors, in its performance under this **Agreement** by third parties based upon erroneous, incomplete, or invalid information, data, or statements furnished or supplied by DRG or otherwise caused by DRG's negligence, acts, and omissions, willful or not.

If any provision or term of this **Agreement** or its application becomes or is determined by a Court of competent jurisdiction to be invalid, illegal, unenforceable, or void, this **Agreement** shall continue in full force and effect without said provision; the specific provision or term shall be deemed amended to delete such provision, term, or application; and such provision, term, or application shall be modified to the extent necessary to continue to make it or them and this **Agreement** valid and fully enforceable. The provisions of this and all other paragraphs of this **Agreement** shall survive termination of this **Agreement** or the consummation of any and all transaction(s) for a period of thirty-six (36) months.

This **Agreement** cannot be changed, amended, waived, supplemented, varied, or modified, in whole or in part, except by written agreement of all of the parties hereto. This **Agreement** may be executed in one or more counterparts, each of which shall be enforceable for or against any and all of the parties to the **Agreement**, and all of which together shall constitute one instrument. This **Agreement** and all advice, counsel, and support rendered as well as all payments made hereunder shall be deemed to be executed, delivered and accepted at Wilmington, Delaware and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the rules, laws, and sole and exclusive jurisdiction and venue of the Chancery Court located within the State of Delaware regardless of any conflict of laws provisions which shall be disregarded, even if some or all of the advice, counsel, support, and actual payment of monies contemplated in and by this **Agreement** take place elsewhere, even including the execution by one or more of the parties to and of this **Memorandum of Understanding and Agreement**.

Either party's performance, in part or in full, under this **Agreement** is subject to acts of God, acts or threats of war (declared or not), military involvements, terrorist acts and threats of terrorism, government regulations, warnings, and advisories, safety and security concerns, disease outbreaks, fires, earthquakes, floods, strikes, civil disorders, curtailments of transportation and other facilities, and any other event or occurrence beyond either party's control, making it impossible, illegal, or commercially impracticable for one or both parties to reasonably and timely perform under this **Agreement**

Page Five

Each of DRG and Edgewater warrants and represents to the other that this Agreement shall be binding upon each once executed; and the individuals executing this Agreement are authorized and empowered, by a Board of Directors corporate resolution, if one is required, to do so. Each party hereby warrants and represents that each has the corporate and individual authority and capacity to enter into this Agreement and to initiate, conduct, and complete any and all of the contemplated transactions and agreements; and provide the advice, support, and counsel detailed in or contemplated by this Agreement. The undersigned acknowledge their approval and acceptance of this Agreement in its entirety by signing below. All parties agree that a signature on this and any other document and agreement associated or involved with any of the transaction(s) or step transaction(s) contemplated herein that is transmitted by facsimile, electronic, or digital means shall be considered valid and legally binding and shall have the same and full authority as an original "wet ink" signature.

THE DAVID ROSS GROUP, INC.

By: _____
    David R. Ross,
    As President, Director And Shareholder

By: _____
    John J. Mariano,
    As Executive Vice-President, Director And Shareholder

EDGEWATER HOLDINGS CORPORATION

By: _____
    Joseph Kane,
    As Authorized Corporate Signatory

**EXHIBIT B**

All Shareholders, individually and collectively, of each of the following Corporations
In addition to each of the following State of New Jersey Corporations
The David Ross Group, Inc.
Improved Mobile Services, Inc.
OptiConnect, Inc.
Attention: David G. Ross and John J. Mariano as Shareholders, Directors and Officers
127 Main Street
Chatham, NJ 07928

### THIS IS AN INVOICE FOR COMPENSATION AND FEES FOR ADVISORY AND OTHER SERVICES PROVIDED, RENDERED AND PERFORMED IN ACCORDANCE WITH THE TERMS OF THE MEMORANDUM OF UNDERSTANDING AND AGREEMENT (MOA) DATED MARCH 23, 2006

Invoice Num: 0704-0148
April 24, 2007
Project ID: 06-03-JK-DRG
Project Name: DRG/IMSI/OCI-TMNG
Percentage Complete: 100.00

Description:

Compensation and fees earned for advisory and other services provided, rendered and performed on behalf of all of the parties named in the MOA during the period of March 23, 2006 through April 20, 2007:

**Please note that the entire amount due under this invoice is payable within three (3) business days immediately subsequent to the date of delivery or receipt of this invoice. You may mail your check(s) to the address above or, if you choose to transfer your funds through the Federal Reserve wire transfer system, please advise and you will be furnished promptly the requisite wire transfer information.**

**Amount Due and Payable:**                    **$645,000.00**

Amount of Invoice Determination and Calculation:
Transaction process unilaterally terminated by clients after proffer of Letter Of Intent
Valuation Amount: Stock Purchase: $8,000,000. plus Employment and Non-Compete
Agreements: $4,900,000. Compensation and Fee Based Upon:        Amount of Compensation
and Fee:

| | | |
|---|---|---|
| Stock Purchase Price | $ 470,000. | ($2,000,000. X .07 + |
| $3,000,000. X .06 + | | |
| | | $3,000,000. X .05) |
| Employment Agreement for David Ross | $ 62,500. | ($250,000/year x 5yrs. X .05) |

| | | |
|---|---|---|
| Employment Agreement for John Mariano | $ 62,500. | ($250,000/year x 5yrs. X .05) |
| Employment Agreements for four others 4) | $ 120,000. | ($150,000/year x 4yrs. X .05 x |
| Total Gross Amount Payable | $ 715,000. | |
| Less Retainer Amounts previously paid | $ 70,000. | |
| Net Amount Payable | $ 645,000. | |

&JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Edgewater Holdings Corporation

## DEFENDANTS

The David Ross Group, Inc.; Improved Mobile Service, Inc.; OptiConnect, Inc.; David G. Ross; John J. Mariano

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Laina M. Herbert (Bar I.D. 4717), Prickett, Jones & Elliott, P.A.
1310 King Street, P.O. Box 1328, Wilmington, DE 19899-1328
(302) 888-6500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)(1)
Brief description of cause:
Failure to pay invoice pursuant to Memorandum of Understanding

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ at a minimum $645,000, plus interest, costs, punitive damages and attorneys' fees

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
July 3, 2007

SIGNATURE OF ATTORNEY OF RECORD
*Laina M. Herbert*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 7 - 4 2 5

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____7/3/07____           X _____
(Date forms issued)              (Signature of Party or their Representative)

                         X _Zach Horne_____
                              (Printed name of Party or their Representative)

**Note: Completed receipt will be filed in the Civil Action**