IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDGEWATER HOLDINGS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE DAVID GROUP, INC., a New Jersey corporation; IMPROVED MOBILE SERVICE, INC., a New Jersey corporation; OPTICONNECT, INC., DAVID G. ROSS, a citizen of the State of New Jersey; and, JOHN J. MARIANO, a citizen of the State of New Jersey,<br><br>Defendants. | Civil Action No. 07-425-*** (MPT) |

## ANSWER

DEFENDANTS THE DAVID ROSS GROUP, INC., IMPROVED MOBILE SERVICE, INC., OPTICONNECT, INC., DAVID G. ROSS AND JOHN J. MARIANO (collectively, "Defendants"), by way of Answer to the Complaint of plaintiff Edgewater Holdings Corporation ("Plaintiff") alleges as follows:

### JURISDICTION AND THE PARTIES

1.      Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore deny each and every of those allegations.

2.      Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants neither admit nor deny the allegations contained in paragraph 8 of the Complaint, which call for a legal conclusion.

## VENUE

9. Defendants repeat and replead each of the allegations contained above as if fully set forth at length herein.

10. Defendants neither admit nor deny the allegations contained in paragraph 10 of the Complaint, which call for a legal conclusion.

## FIRST COUNT

11. Defendants repeat and replead each of the allegations contained above as if fully set forth at length herein.

12. Defendants neither admit nor deny the allegations contained in paragraph 12 of the Complaint, and refer instead to the referenced Memorandum of Understanding and Agreement Between The David Ross Group, Inc. And Its Directors and Shareholders

And Edgewater Holding Corporation (the "Memorandum") in the form attached as Exhibit A to the Complaint, which speaks for itself.

13. Defendants neither admit nor deny the allegations contained in paragraph 13 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

14. Defendants neither admit nor deny the allegations contained in paragraph 14 of the Complaint, which call for a legal conclusion.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants neither admit nor deny the allegations contained in paragraph 17 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

18. Defendants neither admit nor deny the allegations contained in paragraph 18 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

19. Defendants neither admit nor deny the allegations contained in paragraph 19 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

20. Defendants neither admit nor deny the allegations contained in paragraph 20 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

21. Defendants neither admit nor deny the allegations contained in paragraph 21 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

22. Defendants neither admit nor deny the allegations contained in paragraph 22 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

23. Defendants neither admit nor deny the allegations contained in paragraph 23 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

24. Defendants neither admit nor deny the allegations contained in paragraph 24 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

25. Defendants neither admit nor deny the allegations contained in paragraph 25 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

26. Except that Defendants admit that Plaintiff performed certain services for Defendants, Defendants deny the remainder of the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Except that Defendants admit that Plaintiff performed certain services for Defendants, Defendants deny the remainder of the allegations contained in paragraph 28 of the Complaint.

29. Although Defendants admit that they received the referenced Letter of Intent, the Defendants deny the remainder of the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore deny each and every of those allegations.

33. Except that Defendants admit that they received an invoice from Plaintiff in the form attached as Exhibit B to the Complaint (the "Invoice"), Defendants deny the remainder of the allegations contained in paragraph 33 of the Complaint.

34. Defendants neither admit nor deny the allegations contained in paragraph 34 of the Complaint, and refer instead to the referenced Invoice, which speaks for itself.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Except that Defendants admit that Plaintiff sent them a letter on or about May 7, 2007, which letter speaks for itself, Defendants deny the remainder of the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

## SECOND COUNT

38.  Defendants repeat and replead each of the allegations contained above as if fully set forth at length herein.

39.  Defendants neither admit nor deny the allegations contained in paragraph 39 of the Complaint, and refer instead to the referenced Memorandum, which speaks for itself.

40.  Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.  Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.  Defendants deny the allegations contained in paragraph 42 of the Complaint.

## THIRD COUNT

43.  Defendants repeat and replead each of the allegations contained above as if fully set forth at length herein.

44.  Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.  Defendants deny the allegations contained in paragraph 45 of the Complaint.

## FOURTH COUNT

46.  Defendants repeat and replead each of the allegations contained above as if fully set forth at length herein.

47. Defendants neither admit nor deny the allegations contained in paragraph 47 of the Complaint, which call for a legal conclusion.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

### FIFTH COUNT

50. Defendants repeat and replead each of the allegations contained above as if fully set forth at length herein.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred because Defendants at all times discharged their contractual duties to Plaintiff, if any, completely and in good faith.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has not sustained any cognizable damages attributable to any of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has breached its contractual obligations to Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because the acts and/or omissions about which Plaintiff complains and which allegedly caused Plaintiff damages were committed by Plaintiff itself and/or by third parties outside of Plaintiff's control.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has failed to mitigate its damages, if any.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of setoff.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of payment.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of accord and satisfaction.

**WHEREFORE**, Defendants David Ross Group, Inc., Improved Mobile Service, Inc., Opticonnect, Inc., David G. Ross and John J. Mariano hereby demand judgment in their favor and against plaintiff Edgewater Holdings Corporation dismissing the Complaint with prejudice and awarding Defendants attorneys' fees, costs and such other and further relief as this Court deems equitable and just.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        */s/ John W. Shaw*
        John W. Shaw (No. 3362)
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, DE 19801
        (302) 571-6600
        jshaw@ycst.com

        -and-

        MCCUSKER ANSELMI, ROSEN & CARVELLI, P.C.
        127 Main Street
        Chatham, New Jersey 07928
        (973) 635-6300

        Attorneys for Defendants
        David Ross Group, Inc., Improved
        Mobile Service, Inc.,
        Opticonnect, Inc., David G. Ross and John J. Mariano

Dated: September 10, 2007

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on September 14, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Elizabeth M. McGeever
> Laina M. Herbert
> 1310 King Street, P.O. Box 1328
> Wilmington, Delaware 19899-1328

I further certify that on this same date I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record, and by electronic mail on the following counsel of record:

> Robert Mahoney, Esquire
> Norris McLaughlin & Marcus, PA
> 721 Route 202-206
> P.O. Box 1018
> Somerville, New Jersey 08876-1018

*/s/ John W. Shaw*
John W. Shaw (#3362)