UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| EDGEWATER HOLDINGS CORPORATION, a Delaware Corporation,<br><br>                                        Plaintiff,<br><br>v.<br><br>THE DAVID ROSS GROUP, INC., a New Jersey Corporation, IMPROVED MOBILE SERVICE, INC. a New Jersey Corporation,; OPTICONNECT, INC., DAVID G. ROSS, a citizen of the State of New Jersey; and, JOHN J. MARIANO, a citizen of the State of New Jersey,<br>                                        Defendants. | :<br>:<br>:<br>:    C.A. NO. 07-425***<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**SCHEDULING ORDER**

This ____ day of October, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference by telephone and pursuant to Local Rule 16.2(a) on October 24, 2007 at 10:00 a.m., and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.   <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.  The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the date of this Order, or no later than November 5, 2007. The parties agree to review the Court's Default Standard for Discovery of Electronic

Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before February 1, 2008.

3. <u>Discovery</u>. The parties agree to the following preliminary discovery schedule:

    a. Written fact discovery in the form of Interrogatories and Document Demands shall be served within thirty (30) days of the service of the initial disclosures, or no later than December 4, 2007;

    b. Responses to the written discovery shall be due within thirty days (30), or no later that January 3, 2008;

    c. Depositions of all fact witness shall be held within sixty (60) days of the completion of written discovery with depositions being completed by or before March 3, 2008;

    d. All expert reports of Plaintiff shall be served within forty-five (45) days after the completion of the depositions of fact witnesses, or no later than April 17, 2008;

    e. All expert reports of Defendants shall be served within forty-five (45) days of the issuance of any expert reports by Plaintiff, or no later than June 2, 2008.

f. Depositions of any and all experts shall be held within thirty (30) days of the service of any expert reports by Defendants, or no later than July 2, 2008;

g. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

h. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before July 15, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

i. <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 17, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 19, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

j.  <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. **Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s).**  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.  <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an

agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above. Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. ADR Process. To be discussed during the Rule 16 scheduling conference.

7. Interim Status Report. On or about January 15, 2008, and counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. Status Conference. On or about _____, 2008 the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing

before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.   Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _____, 2008. Briefing will be presented pursuant to the Court's Local Rules.

10.   Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11.   Pretrial Conference. On _____, 2008, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ___ _.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200_.

12.   Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is

supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14. <u>Trial</u>. This matter is scheduled for a ___ day ___ trial beginning at 9:30 a.m. on _____, 200_ with the remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2007, I have e-mailed the foregoing SCHEDULING ORDER AND LETTER TO THE HON. MARY PAT THYNGE to the following non-registered participants:

>Paul F. Carvelli, Esquire
>McCusker, Anselmi, Rosen & Carvelli, P.C.
>127 Main Street
>Chatham, NJ 07928
>(973) 635-6300
>pcarvelli@marc-law.com

>       /s/ Laina M. Herbert
>(DE Bar I.D. No. 4717)
>Prickett, Jones & Elliott, P.A.
>1310 King Street, P.O. Box 1328
>Wilmington, DE 19899-1328
>(302) 888-6500
>lmherbert@prickett.com

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6547
Writer's Telecopy Number::
(302)658-8111
Writer's E-Mail Address:
LMHERBERT@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

October 19, 2007

The Honorable Mary Pat Thynge           **VIA E-FILING**
U.S. Magistrate
United States District Court for the District of Delaware
844 North King Street
Lockbox 8
Wilmington, DE 19801

    RE:    **Edgewater Holdings Corporation v. The David Ross Group, Inc., et al.**
            C.A. No. 07-425-\*\*\*

Dear Magistrate Judge Thynge:

    The parties in the above-referenced action agreed to the proposed Scheduling Order submitted via e-filing by Plaintiff, Edgewater Holdings Corporation ("Edgewater"). Counsel for Edgewater and Defendants have conferred and have come to an agreement regarding the proposed timetables for the exchange of initial disclosures (Paragraph 1), the deadline for joinder of parties (Paragraph 2), and a preliminary discovery schedule (Paragraphs 3(a)-(f)) as set forth in the proposed Scheduling Order. The parties also propose a date of January 15, 2008 for submission of the interim status report (Paragraph 7).

    As the Court will note, there is no reference in the proposed Scheduling Order regarding the number of hours for depositions. Edgewater respectfully submits that at this juncture such discussion may be premature, and may be better reserved for discussion after submission of the interim status report and at the subsequent status conference to be set pursuant to the Court's schedule. The parties defer to the Court for the setting of the deadlines of case dispositive motions and pretrial conferences in light of the proposed discovery schedule.

                                          Respectfully submitted,

                                          Laina M. Herbert
                                          (DE Bar No. 4717)

cc:    Clerk of the Court (via e-filing)
        John W. Shaw, Esquire
        Paul F. Carvelli, Esquire
        Robert Mahoney, Esquire
        Kerry A. Duffy, Esquire