IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDGEWATER HOLDINGS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE DAVID ROSS GROUP, INC., a New Jersey corporation; IMPROVED MOBILE SERVICE, INC., a New Jersey corporation; OPTICONNECT, INC., DAVID G. ROSS, a citizen of the State of New Jersey; and, JOHN J. MARIANO, a citizen of the State of New Jersey,<br><br>Defendants. | Civil Action No. 07-425-***<br><br>PLAINTIFF'S MANDATORY DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26 |

TO:   Paul F. Carvelli, Esq.
      McCusker, Anselmi, Rosen & Carvelli, P.C.
      127 Main Street
      Chatham, NJ 07928

      John W. Shaw
      Young, Conaway, Stargatt & Taylor
      The Brandywine Building
      1000 West Street, 17th Floor
      P.O. Box 391
      Wilmington, DE 19899-0391

**INITIAL DISCLOSURES OF PLAINTIFF**

Plaintiff, Edgewater Holdings Corporation ("Edgewater"), hereby makes the following disclosures pursuant to Fed.R.Civ.P. 26(a) and 26(f). These disclosures are made based upon Edgewater's investigation to date, and are subject to being supplemented and/or amended through continuing discovery.

A. **Persons With Discoverable Knowledge**

1. <u>Joseph Kane</u> – Edgewater - P.O. Box 6565, Williamsburg, Virginia, is Plaintiff's representative has knowledge of all matters identified in the Complaint and the transactions and communications between Plaintiff, Defendant and The Management Network Group, Inc. ("TMNG") related thereto.

2. <u>Micky Woo</u> - President, Chief Operating Officer and Director of TMNG, 7300 College Boulevard, Suite 302, Overland Park, Kansas 66210, has knowledge of the transaction and process associated with the matters set forth in the Complaint, and various communications involving Edgewater, TMNG and/or the Defendants, and such other matters to be disclosed through continuing discovery.

3. <u>Rich Nespola</u> - Chief Executive Officer, Chairman of the Board of Directors of TMNG, 7300 College Boulevard, Suite 302, Overland Park, Kansas 66210, has knowledge of the transaction and process associated with the matters set forth in the Complaint, and various communications involving Edgewater, TMNG and/or the Defendants, and such other matters to be disclosed through continuing discovery.

4. <u>Donald E. Klumb</u> - Vice-President, Chief Finance Officer, and Director of TMNG, 7300 College Boulevard, Suite 302, Overland Park, Kansas 66210, has knowledge of the transaction and process associated with the matters set forth in the Complaint, and various communications involving Edgewater, TMNG and/or the Defendants, and such other matters to be disclosed through

continuing discovery. In addition, he has knowledge of the Letter of Intent proffered to DRG, and such other matters to be disclosed through continuing discovery.

5. <u>Andrew Lipman</u> – Director of TMNG, 7300 College Boulevard, Suite 302, Overland Park, Kansas 66210, has knowledge of certain transactions and process associated with the matters set forth in the Complaint, and various communications involving Edgewater, TMNG and/or the Defendants, and such other matters to be disclosed through continuing discovery.

6. <u>David Ross</u> - President of David Ross Group, Inc. ("DRG"), 127 Main Street, Chatham, New Jersey, has knowledge of the transaction and process associated with it as identified in Complaint, various communications involving Edgewater and TMNG and related agreements entered into between the parties to this action, and such other matters to be disclosed through continuing discovery.

7. <u>John Mariano</u> - Executive Vice President of DRG, 127 Main Street, Chatham, New Jersey, has knowledge of the transaction and process associated with it as identified in Complaint, various communications involving Edgewater and TMNG and related agreements entered into between the parties to this action, and such other matters to be disclosed through continuing discovery.

8. All persons and business entities identified in Defendants' Initial Disclosure and documents identified therein; and such other persons and business entities whose identities are disclosed through continuing discovery.

B.  **Relevant Documents (to be made available for inspection and photocopying)**

Based upon Edgewater's investigation to date, and subject to continuing discovery, Edgewater states that the following documents may be relevant to the subject matters of this action; and are available for review and inspection at the law offices of Norris, McLaughlin & Marcus, P.A.;

1. Memorandum of Understanding dated March 2006;

2. Letter of Intent dated April 5, 2007 from TMNG to DRG ;

3. Non-Disclosure Agreement between TMNG and DRG ;

4. April 24, 2007 Invoice from Edgewater to DRG;

5. March 2006 e-mail communications relating to Non-Disclosure Agreement;

6. April 2006 balance sheet;

7. May 2006 e-mail communications, balance sheets, income statements relating to matters which are the subject of Complaint, including but not limited, to the acquisition of DRG by TMNG, exchanged by and between Edgewater, DRG, and TMNG;

8. June 2006 e-mail communications, spreadsheets, financials, projections and documents relating to matters which are the subject of Complaint and were exchanged by and between Edgewater, DRG, and TMNG;

9. July 2006 e-mail communications relating to Letter of Intent, transaction calls, meeting with TMNG and other matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

10. August 2006 e-mail communications relating to the acquisition of DRG by TMNG, and matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

11. September 2006 e-mail communications relating to matters which are the subject of Complaint, exchanged by and between Edgewater, DRG, and TMNG;

12. October 2006 e-mail communications relating to matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

13. November 2006 e-mail communications and balance sheets relating to matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

14. December 2006 e-mail communications relating to year-end projections, DRG, IMSI, TMNG updates, and other matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

15. January 2007 e-mail communications relating to transaction updates and other matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

16. February 2007 e-mail communications relating to matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG;

17. March 2007 e-mail communications relating to Letter of Intent, TMNG transaction and such other matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG; and

18. April 2007 e-mail communications relating to matters which are the subject of Complaint exchanged by and between Edgewater, DRG, and TMNG.

Edgewater reserves the right to supplement or amend this information through continuing discovery.

**C.  Damages**

Edgewater seeks monetary damages from Defendants in this action, including but not limited to the amounts set forth on the Invoice in the amount of $645,000 as identified in Edgewater's Complaint. Edgewater reserves the right to make application for an award of sanctions, including attorneys' fees and costs, pursuant to Fed.R.Civ.P. 11.

**D.  Insurance**

Not applicable.

**E.  Experts**

Edgewater has not formally retained any experts to testify on its behalf to date in this action, although Edgewater anticipates that it may retain an expert relating to their damages. Full copies of the curriculum vitae together with the reports of all experts will be produced once available.

**F.  Discovery of Electronic Documents Pursuant to Rule 26(f)**

1. Custodians of electronic materials

    a. Joseph Kane of Edgewater

2. Electronic system in place

    a. MS Windows XP – Stand alone computer (2 used during transaction – old computer replaced during negotiation/transaction process

3. Electronic document retention policies

a. Edgewater does not have such a policy. Joseph Kane has knowledge of Edgewater's electronic documents.

PRICKETT, JONES & ELLIOTT, P.A.

By: /s/ Elizabeth M. McGeever
Elizabeth M. McGeever (DE Bar I.D. #2057)
Laina M. Herbert (DE Bar I.D. #4717)
1310 King Street, P.O. Box 1328
Wilmington, Delaware 19899-1328
TEL: 302-888-6500
emmcgeever@prickett.com
lmherbert@prickett.com
Attorneys for Plaintiff, Edgewater Holdings Corporation

DATED: November 5, 2007

OF COUNSEL:

Robert Mahoney, Esquire
Kerry A. Duffy, Esquire
NORRIS McLAUGHLIN & MARCUS, PA
721 Route 202-206
P.O. Box 1018
Somerville, New Jersey 08876-1018
(908) 722-0700
rmahoney@nmmlaw.com
kaduffy@nmmlaw.com

20282.1\350691v1